# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THE BANK OF NEW YORK MELLON FKA
THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF
CWALT, INC., ALTERNATIVE LOAN
TRUST 2005-35CB, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2005-
35CB,

           Plaintiff,
  vs.

ANDRE BEROUD, *et al.*,

           Defendants.

Case No.: 2:17-cv-01056-GMN-CWH

**ORDER**

Pending before the Court is the Motion for Partial Summary Judgment, (ECF No. 37), filed by The Bank of New York Mellon ("Plaintiff"). Defendants United Legal Services, Inc. ("ULS") and Sun City Aliante Community Association ("HOA") filed Responses, (ECF Nos. 39, 40). Additionally, Defendant Red Rock Financial Services, LLC ("Red Rock") filed a Joinder, (ECF No. 41), to ULS' Motion. Plaintiff filed a Reply, (ECF No. 43). For the reasons discussed herein, Plaintiff's Motion is **GRANTED**.[1]

# I.    BACKGROUND

This case arises out of the non-judicial foreclosure on real property located at 7937 Song Thrush Street, North Las Vegas, Nevada 89084 (the "Property"). (Compl. ¶ 6, ECF No. 1). On

---

[1] Also pending before the Court is Red Rock and HOA's Motions to Dismiss, (ECF Nos. 12, 22), to which ULS filed Joinders, (ECF Nos. 25, 26). However, because the Court is granting Plaintiff's Motion for Partial Summary Judgment in light of *Bourne Valley*, the Court **DENIES** Red Rock and HOA's Motions to Dismiss as moot.

May 26, 2005, Andre Beroud ("Beroud") obtained a loan in the amount of $155,000.00 evidenced by a note and secured by a deed of trust ("DOT") recorded on June 1, 2005. (*See* Deed of Trust, Ex. 1 to Pl.'s Mot. Summ. J. ("MSJ"), ECF No. 38-1). Plaintiff was subsequently assigned the DOT on November 8, 2011, and recorded the assignment on November 14, 2011. (*See* Assignment of Deed of Trust, Ex. 2 to MSJ, ECF No. 38-1).

Beroud failed to pay HOA all amounts due and HOA, through its agent Red Rock, recorded a lien for delinquent assessments. (*See* Lien for Delinquent Assessments, Ex. 3 to MSJ, ECF No. 38-1). On April 13, 2012, Red Rock, on behalf of HOA, recorded a notice of default and election to sell pursuant to the lien. (*See* Notice of Default and Election to Sell, Ex. 4 to MSJ, ECF No. 38-1). On September 18, 2013, HOA, through its agent ULS, recorded a notice of foreclosure sale. (*See* Notice of Foreclosure Sale, Ex. 5 to MSJ, ECF No. 38-1). HOA foreclosed on the Property on October 11, 2013, and a foreclosure deed was recorded in favor of Defendant 7937 Song Thrush Trust (the "Trust") on the same day. (*See* Foreclosure Deed Upon Sale, Ex. 6 to MSJ, ECF No. 38-1).

Plaintiff filed its Complaint on April 14, 2017, asserting the following causes of action arising from the foreclosure and subsequent sale of the Property: (1) quiet title and declaratory relief against all Defendants; (2) judicial foreclosure against Beroud; (3) breach of contract against Beroud; (4) injunctive relief against the Trust; (5) breach of Nevada Revised Statute ("NRS") § 116.1113 against HOA, Red Rock, and ULS; (6) wrongful foreclosure against HOA, Red Rock, and ULS; and (7) violation of the Nevada Deceptive Trade Practices Act under NRS Chapter 598 against HOA, Red Rock, and ULS. (Compl. ¶¶ 24–91).

## II.   **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

## III. DISCUSSION

Plaintiff moves for partial summary judgment on its first cause of action for quiet title and declaratory relief. (MSJ 2:1–2, ECF No. 37). The Court first considers the impact of the Ninth Circuit's ruling in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017), before turning to the merits of Plaintiff's Motion.

### A. The Scope and Effect of *Bourne Valley*

In *Bourne Valley*, the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution."

*Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the legislature acted to adversely affect the property interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS § 116.3116 would pass constitutional muster. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cnty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment). The fact that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Salerno*, 481 U.S. at 745. To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See, e.g.*, *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS § 116.3116, which it pinpointed in NRS 116.3116(2). *Bourne Valley*, 832 F.3d at 1158. In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2),

which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

HOA also argues that NRS § 107.090, which requires that copies of the notice of default and election to sell, and the notice of sale be mailed to each "person with an interest" or "claimed interest" that is "subordinate" to the HOA's super-priority, is incorporated into NRS Chapter 116 by NRS § 116.31168. (HOA's Resp. 12:22–13:14, ECF No. 40). However, *Bourne Valley* expressly rejected this argument. *Bourne Valley*, 832 F.3d at 1159 ("If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless."). Therefore, the Court declines to adopt this interpretation.

### B. Severability

HOA further argues that the Court should sever the unconstitutional provisions of NRS 116 and enforce the remaining statute. (*See* HOA's Resp. 9:7–20). This approach, however, would leave the statute without any notice provision. The absence of a notice requirement would raise additional constitutional due process challenges, which is "inconsistent with established precedent holding that courts ought to construe statutes so as to avoid constitutional infirmities." *See PNC Bank, N.A. v. Wingfield Springs Cmty. Ass'n*, No. 3:15-cv-00349-MMD-

VPC, 2017 WL 4172616, at *4 (D. Nev. Sept. 20, 2017) (denying defendants' severability argument based on potential due process issues). The Court therefore rejects this argument.

Accordingly, HOA foreclosed under a facially unconstitutional notice scheme, and thus the HOA foreclosure cannot have extinguished the DOT. Therefore, the Court must quiet title as a matter of law in favor of Plaintiff as assignee of the DOT.

### C. Plaintiff's Remaining Claims for Violation of NRS § 116.1113, Wrongful Foreclosure, Violation of the Nevada Deceptive Trade Practices Act, and Injunctive Relief

In its prayer for relief, Plaintiff requests primarily a declaration that the Trust purchased the property subject to Plaintiff's DOT. (*See* Compl. 13:24–26). With respect to Defendants Red Rock, HOA, and ULS, the other relief Plaintiff requests is phrased in the alternative. (*See id.* 14:1–5). Therefore, because the Court grants summary judgment for Plaintiff on its quiet title claim, Plaintiff has received the relief it requested. Accordingly, the Court dismisses Plaintiff's fifth, sixth, and seventh causes of action.

With regard to Plaintiff's request for a preliminary injunction against the Trust pending a determination by the Court concerning the parties' respective rights and interests, the Court's grant of summary judgment for Plaintiff moots this claim, and it is therefore dismissed.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment, (ECF No. 37), is **GRANTED** pursuant to the foregoing.

**IT IS FURTHER ORDERED** that Red Rock's Motion to Dismiss, (ECF No. 12), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that HOA's Motion to Dismiss, (ECF NO. 22), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the parties shall submit a joint status report identifying whether there are any non-moot claims remaining in light of this Order. The parties shall have twenty-one (21) days from the date of this Order to file the status report. Failure to do so will result in the Court dismissing the remaining claims as moot and closing the case.

**DATED** this __23__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge