# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-35CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-35CB,

          Plaintiff,

vs.

ANDRE BEROUD, *et al.*,

          Defendants.

Case No.: 2:17-cv-01056-GMN-CWH

**ORDER**

Pending before the Court is the Motion for Relief from Judgment, (ECF No. 54), filed by Defendant 7937 Song Thrush Trust (the "Trust"). Plaintiff Bank of New York Mellon ("Plaintiff") filed a Response, (ECF No. 56), and the Trust filed a Reply, (ECF No. 57).

For the reasons discussed herein, the Trust's Motion for Relief from Judgment is **DENIED**.

## I.    BACKGROUND

The instant Motion arises from the Court's grant of summary judgment to Plaintiff, and the clerk of court's subsequent entry of judgment in favor of Plaintiff and against the Trust. (*See* Order, ECF No. 46). Plaintiff filed this action on April 14, 2017, and subsequently filed its proof of service as to the Trust on May 25, 2017, (ECF No. 11). On March 23, 2018, the Court issued its order granting Plaintiff's Motion for Summary Judgment, holding that the underlying foreclosure sale was invalid to the extent it purportedly extinguished Plaintiff's deed

of trust. (*Id.* 7:9–17). The clerk of court entered judgment in Plaintiff's favor and against all Defendants on April 25, 2018, (ECF Nos. 46, 49).

On November 9, 2018, the Trust filed a notice of appearance, (ECF No. 50), as well as the instant Motion, asserting the Court lacked personal jurisdiction over it because Plaintiff failed to properly effect service. (Mot. for Relief 7:8–8:18, ECF No. 54). Therefore, according to the Trust, the Court's entry of final judgment violated the Trust's due process rights and is void. (*Id.* 10:12–16).

## II. LEGAL STANDARD

Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4). A judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985).

## III. DISCUSSION

The Trust argues that the underlying judgment is void because Plaintiff failed to properly effect service of process. (Mot. for Relief 7:8–8:18). Plaintiff responds that it did properly serve the Trust, and the Trust's arguments to the contrary are unsupported by the record. (Resp. to Mot. for Relief 5:2–6, ECF No. 56).

A defendant moving to vacate a judgment for improper service of process bears a "substantial" burden to prove that he is entitled to relief. *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165–66 (9th Cir. 2007). "A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" *Id.* at 1166 (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (1993)).

The Trust has failed to overcome its burden of establishing an entitlement to relief. Despite complaining that the Court "usurped its judicial power," the Trust neglects to make any

argument as to how Plaintiff's service was improper. Because Plaintiff has established prima facie evidence of valid service, (ECF No. 11), the burden is on the Trust to come forward with strong and convincing evidence satisfying the Court that service was improper. The Trust has not done so.

The Trust also contends the Court's judgment violated its due process rights because the Court never entered default judgment against the Trust. (Mot. for Relief 10:5–10). As discussed above, the Trust's failure to articulate the deficiency in service leaves the Court with the unrebutted presumption that the Trust was indeed served and therefore on notice. Consequently, the Trust's due process rights were undisturbed by the Court's adjudication of this matter on the merits rather than by default judgment. *See Fireman's Fund Ins. Co. v. Stites*, 258 F.3d 1016, 1024 (9th Cir. 2001) ("[A] defaulted party's rights are not violated when a case proceeds on the merits rather than by means of a default judgment where the party is, as here, given full opportunity to litigate the case on the merits."); *see also Rood v. Nelson*, No. 2:12-CV-00893-GMN-NJ, 2014 WL 4635585, at *6 (D. Nev. Sept. 15, 2014) ("Nothing in Federal Rule of Civil Procedure 56 appears to prevent a party from seeking summary judgment against a party in default.") (quoting *Am. S. Ins. Co. v. Hayslett*, No. 4:09-cv-1850, 2011 WL 3444219, at *2 (E.D.Mo. Aug. 8, 2011)).

///
///
///
///
///
///
///
///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Trust's Motion for Relief from Judgment, (ECF No. 54), is **DENIED**.

**IT IS FURTHER ORDERED** that the Trust's Motion to Consolidate, (ECF No. 55), is **DENIED as moot**.

**DATED** this __5__ day of April, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge